FRANKLIN ROLLINS *versus* JEREMIAH BARTLETT & *al.*

After a note is written and signed by one promisor, the attestation generally, when he was not present, by a subscribing witness, on seeing another promisor affix his signature, if done through inadvertency, and not designed to have any injurious effect, does not impair the liability of the first promisor.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Assumpsit upon a note, of which a copy follows ; —

" Monroe, Nov. 2, 1836. For value received we promise to pay Benjamin Rich, or order, the sum of eighty-seven dollars and fifty cents, in one year from date with interest.

" JEREMIAH BARTLETT,<br>" LOT BARTLETT,<br>" JOHN RICH."

" Attest :

" ELIZABETH G. STOWERS."

The note was indorsed by the payee, " without recourse."

The action was commenced March 26, 1838. The signature of Jeremiah Bartlett was denied, and the deposition of E. G. Stowers was introduced, who stated, that she signed as a witness to the note ; that the note was brought to the house where she was, with the name of Jeremiah Bartlett upon it, by Lot

Bartlett, who signed it in the presence of Benj. Rich, the payee, and she witnessed it; that Jeremiah Bartlett was not present, and the name of John Rich was not then upon the note. Benjamin Rich testified, that he saw John Rich sign the note; that he was acquainted with the handwriting of Jeremiah Bartlett, and thought the signature genuine; that he negotiated this and other notes of the same parties in Dec. 1836, to one Twitchell; that two or three months afterwards he saw J. Bartlett, who told him he was to pay about $300 of the notes as his part; that afterwards, Jeremiah told the witness he had the money to pay the notes, and on being informed that they had been sold, requested the witness to ask the indorsee to bring down the notes and he would pay them; and that the notes were given as part of the consideration of a farm sold by him to Lot Bartlett. The plaintiff also introduced a paper signed by Jeremiah Bartlett, of which the following is a copy : —

"Due John Rich four hundred and seventy-five dollars out of the Durgin farm, to satisfy said John for putting his name to five notes of hand running to Benjamin Rich, with Lot Bartlett. Mr. Rich is to have the first pay on the farm when sold.

"Monroe, March 28, 1838.          JEREMIAH BARTLETT."

The exceptions state, that hereupon the defendants moved that the plaintiff be nonsuited, because Stowers witnessed the note without having seen Jeremiah Bartlett sign it, and not in his presence; which motion the Court granted, and ordered a nonsuit. The plaintiff filed exceptions.

*A. W. Paine,* for the plaintiff, contended that the nonsuit was improperly ordered.

An alteration in a contract, however material, does not destroy it, unless it was done fraudulently. And this question should be left to the jury.   11 Coke, 27, Pigott's case ;  4 T. R. 329 ;  15 East, 17 ;  Ryan & M. 27 ;  10 Serg. & R. 164, 170 ; 4 Johns. R. 59 ;  8 Cowen, 71 ;  *Martendale* v. *Follett,* 1 N. H. R. 95 ;  *Bowers* v. *Jewell,* 2 N. H. R. 543 ;  *Nevins* v. *De Grand,* 15 Mass. R. 438 ;  *Smith* v. *Dunham,* 8 Pick. 249 ; *Wheelock* v. *Freeman,* 13 Pick. 165 ;  *Granite Railway Co.*

Rollins *v.* Bartlett.

v. *Bacon,* 15 Pick. 239 ; *Ford* v. *Ford,* 17 Pick. 418; *Hale* v. *Russ,* 1 Greenl. 334; 9 Cranch, 28.

To avoid the note, the alteration should be made by the payee, or holder, or by their procurement. This, too, is a question for the jury. 4 T. R. 320: 1 Greenl. 73 ; 6 Mass. R. 521 ; 11 Mass. R. 312 ; 6 Cowen, 746.

Here was no such alteration as would avoid the note, because it was witnessed before it was completed or delivered. 2 Stark. R. 45 ; 7 Ad. & Ellis, 444 ; 20 Johns. R. 188 ; 5 B. & A. 674 ; 11 Conn. R. 531 ; 16 Serg. & R. 44 ; 1 Greenl. 334.

There was no alteration, for the attestation was true. The witness saw the note signed by a party. 8 Pick. 249 ; Chitty on *Bills,* 102.

*Hobbs,* for the defendant, contended that a material alteration of a *contract* avoided it. If the alteration changes the contract, it renders it of no effect, whether such alteration was made with a fraudulent intent or not. The alteration is a fraud in law, which discharges the party. 4 Petersd. Ab. 242, and following pages, and authorities there cited; *Hervey* v. *Harvey,* 3 Shepl. 357.

Affixing the signature of a subscribing witness to a note, changes its character, and makes the party signing liable for twenty years, when he was before holden for but six years. This makes it a different contract, and destroys it. *Homer* v. *Wallis,* 11 Mass. R. 309; *Brackett* v. *Mountfort,* 2 Fairf. 115; *Farmer* v. *Rand,* 2 Shepl. 225.

Taking collateral security by one of the makers of the note, does not admit it to be his, or show his assent to it.

The payee was present at the time the witness signed the note, and it is to be presumed to be done by his procurement.

Where the evidence is all on the side of the plaintiff, and insufficient to maintain the suit, it is proper for the Judge to order a nonsuit. It is then a mere matter of law.

The opinion of the Court was drawn up by

WESTON C. J. — The execution of the note by all the defendants, is sufficiently proved. After it was signed by Jere-

miah Bartlett, and when he was not present, it received the
attestation of a witness, which apparently increased his liability,
by depriving him of the advantage and protection of the stat-
ute of limitations.  But this has been fully explained in a man-
ner, which negatived fraud.  The attestation of the witness
was properly and lawfully affixed, but it should have been
noticed on the instrument, that it applied only to one of the
signers.  The omission to do this was manifestly an inadvert-
ency, not designed to have any injurious effect.  The testimony
of the witness is not necessarily inconsistent with the form of
the attestation.  It should not, in our judgment, as explained,
impair the liability of Jeremiah Bartlett and Rich upon the
note, as an instrument as to them not attested by a subscribing
witness.                                *Exceptions sustained.*